UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RODERICK BENNETT,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-1960** |
| **DG LOUISIANA, LLC, ET AL.,**<br>    **Defendants** | **SECTION: "E"(5)** |

### ORDER AND REASONS

Before the Court is a motion for summary judgment filed by Defendant, DG Louisiana, LLC ("Defendant").[1] Plaintiff, Roderick Bennett, ("Plaintiff") filed an opposition to the motion.[2] Defendant filed a reply.[3] On September 23, 2025, the Court held oral argument on the motion.[4] After considering the law, the parties' briefs, and the parties' oral arguments, the Court **GRANTS** Defendant's motion for summary judgment.

### BACKGROUND

### I.     Factual Background

This case arises out of a shooting that occurred at a Dollar General store in New Orleans, Louisiana. Plaintiff alleges that on April 11, 2023, he visited the Dollar General store on South Claiborne Avenue to purchase automative fluid for his car.[5] Plaintiff alleges he selected the automative fluid and proceeded to the register to pay.[6]

Plaintiff alleges that, at the register, "a verbal argument between [Plaintiff] and [D]efendants' cashier began due to the price the cashier charged for the item versus the

---

[1] R. Doc. 31.
[2] R. Doc. 36.
[3] R. Doc. 29.
[4] R. Doc. 38.
[5] R. Doc. 1-2 at ¶ 5, p. 2.
[6] *Id.* at ¶ 6, p. 2.

1

price petitioner believed the item actually cost."[7] Plaintiff alleges the argument continued as he "paid for the item, collected the item, and proceeded to the exit,"[8] and that the cashier, Jerone Perkins, followed him as he made his way to the exit.[9] Plaintiff alleges that he "turned towards the employee, approached him and confronted him as he pulled his phone from his pants pockets."[10] Plaintiff alleges that, as he started to retreat from the encounter, the cashier "pulled a gun from underneath his clothes and fired one shot striking [Plaintiff] in the torso."[11]

Plaintiff asserts negligence claims against Defendants "and their . . . employee (cashier)" for "failing to exercise reasonable care to protect its patrons and customers;" "negligent hiring, training, and supervision of its employee;" "failing to provide adequate security for the protection of customers;" "failing to restrain a perpetrator of violence;" and "any and all other acts of negligence and omissions."[12]

## II. Procedural Background

On April 10, 2024, Plaintiff filed suit against Dollar General Corporation d/b/a Dolgencorp, LLC and DG Louisiana, LLC in New Orleans Civil District Court.[13] Defendants removed the action to this Court on August 7, 2024.[14]

DG Louisiana, LLC filed its first motion for summary judgment on December 6, 2024.[15] Defendant argued it is not vicariously liable for any intentional tort committed by the cashier-employee because the cashier was not acting in the course and scope of his

---

[7] *Id.* at ¶ 7, p. 2.
[8] *Id.* at ¶ 9, p. 2.
[9] *Id.* at ¶ 10, p. 2.
[10] *Id.* at ¶ 11, p. 2.
[11] *Id.* at ¶ 12, p. 2.
[12] *Id.* at ¶ 14, p. 3.
[13] *See generally id.*
[14] R. Doc. 1.
[15] R. Doc. 8.

2

employment-related duties at the time of the intentional tort.[16] Defendant further argued that Plaintiff cannot establish his claim for negligent hiring, training, and supervision of the cashier because "there is no evidence to suggest Dollar General was negligent in the hiring, supervision, or training of the cashier," and it is not "reasonably foreseeable that an employee with a good employment record would blatantly violate company policies and shoot a customer."[17] Defendant's first motion for summary judgment did not seek summary judgment on Plaintiff's remaining negligence claims.[18]

The Court granted Dollar General's motion for summary judgment in part, holding that the company was not vicariously liable for any of the cashier's intentional acts.[19] Although the shooting occurred on store premises during work hours, the Court found the cashier's decision to draw a gun and shoot a customer was a purely personal act that fell outside the course and scope of his employment and was not in furtherance of Dollar General's business.[20] Further, because the cashier's conduct was entirely unrelated to his job duties, the company could not be held responsible for his intentional tort as a matter of law.[21] However, the court denied summary judgment on Plaintiff's claims for negligent hiring, training, and supervision of the cashier, finding that Dollar General failed to meet its initial burden of affirmatively showing there is no evidence in the record to support a judgment in Plaintiff's favor on that claim.[22]

After discovery, Defendant filed its second motion for summary judgment on August 26, 2025.[23] Defendant again seeks summary judgment on Plaintiff's claims that

---

[16] R. Doc. 8-1 at p. 7.
[17] *Id.* at pp. 7-8.
[18] R. Doc. 8.
[19] R. Doc. 30 at pp. 8-11.
[20] *Id.*
[21] *Id.*
[22] *Id.* at p. 12.
[23] R. Doc. 31.

3

Defendant was negligent in hiring, training, and supervising Mr. Perkins. Defendant also seeks summary judgment on Plaintiff's claim that Defendant was negligent in failing to exercise reasonable care and provide adequate security to protect its customers.[24]

Plaintiff timely filed an opposition to the motion.[25] Defendant timely filed a reply.[26]

## **LEGAL STANDARD**

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[27] "An issue is material if its resolution could affect the outcome of the action."[28] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[29] All reasonable inferences are drawn in favor of the nonmoving party.[30] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the nonmoving party, no reasonable trier of fact could find for the nonmoving party, thus entitling the moving party to judgment as a matter of law.[31]

If the dispositive issue is one for which the moving party will bear the burden of persuasion at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[32] If the moving party fails to carry this burden, the motion must be denied. If the moving party

---

[24] This motion covers the negligence claims set forth in paragraph fifteen of the state court petition. R. Doc. 1-2 at ¶ 15, p. 3.
[25] R. Doc. 36.
[26] R. Doc. 37.
[27] FED. R. CIV. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).
[28] *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).
[29] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150-51 (2000).
[30] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[31] *Smith v. Amedisys, Inc.*, 298 F.3d 434, 440 (5th Cir. 2002).
[32] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)).

successfully carries this burden, the burden of production then shifts to the nonmoving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[33]

On the other hand, if the dispositive issue is one on which the nonmoving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the nonmovant's claim, or (2) demonstrating there is no evidence in the record to establish an essential element of the nonmovant's claim.[34] When proceeding under the first option, if the nonmoving party cannot muster sufficient evidence to dispute the movant's contention that there are no disputed facts, a trial would be useless, and the moving party is entitled to summary judgment as a matter of law.[35] When, however, the movant is proceeding under the second option and is seeking summary judgment on the ground that the nonmovant has no evidence to establish an essential element of the claim, the nonmoving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[36] Under either scenario, the burden then shifts back to the movant to

---

[33] *Celotex*, 477 U.S. at 322-24.
[34] *Id.* at 331-32 (Brennan, J., dissenting); *see also St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987) (citing Justice Brennan's statement of the summary judgment standard in *Celotex*, 477 U.S. at 322-24, and requiring the Movers to submit affirmative evidence to negate an essential element of the nonmovant's claim or, alternatively, demonstrate the nonmovant's evidence is insufficient to establish an essential element); *Fano v. O'Neill*, 806 F.2d 1262, 1266 (5th Cir. 1987) (citing Justice Brennan's dissent in *Celotex*, and requiring the movant to make an affirmative presentation to negate the nonmovant's claims on summary judgment); 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2727.1 (2016) ("Although the Court issued a five-to-four decision, the majority and dissent both agreed as to how the summary-judgment burden of proof operates; they disagreed as to how the standard was applied to the facts of the case." (internal citations omitted)).
[35] *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1980); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).
[36] *Celotex*, 477 U.S. at 332-33.

demonstrate the inadequacy of the evidence relied upon by the nonmovant.[37] If the movant meets this burden, "the burden of production shifts [back again] to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)."[38] "Summary judgment should be granted if the nonmoving party fails to respond in one or more of these ways, or if, after the nonmoving party responds, the court determines that the moving party has met its ultimate burden of persuading the court that there is no genuine issue of material fact for trial."[39]

Still, "unsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports the claim. 'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[40]

## **LAW AND ANALYSIS**

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[41] "An issue is material if its resolution could affect the outcome of the action."[42] There is no genuine issue of material fact if, even viewing the evidence in the light most

---

[37] *Id.*
[38] *Id.* at 332-33 & n.3.
[39] *Celotex*, 477 U.S. at 333 n.3; *see also First Nat'l Bank of Ariz.*, 391 U.S. at 289.
[40] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (first citing *Celotex*, 477 U.S. at 324; then *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994); then quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992)).
[41] FED. R. CIV. P. 56; *see also Celotex*, 477 U.S. at 322-23.
[42] *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).

favorable to the nonmoving party, no reasonable trier of fact could find for the nonmoving party, thus entitling the moving party to judgment as a matter of law.[43]

The party opposing summary judgment must identify specific evidence in the record which raises a disputed issue of material fact and articulate the precise manner in which that evidence does so. Plaintiff included an attachment labeled "Contested Issues of Fact" to his opposition to the motion for summary judgment.[44] The three statements in the attachment are: (1) "Former Dollar General cashier, Jerone Perkins, was not in the course and scope of his employment with Dollar General at the time of the incident," (2) "Dollar General is not liable for the intentional torts committed by Jero[n]e Perkins," and (3) "Plaintiff cannot produce any evidence to support a claim for negligent hiring, training, and supervision."[45]

The first two statements in the "Contested Issues of Fact" are, in reality, legal conclusions. These legal conclusions relate to matters that already have been decided in Defendant's favor in this Court's previously issued order on the Defendant's first motion for summary judgment in which the Court found that the Defendant is not vicariously liable for the cashier's intentional acts and the cashier's decision to draw a gun and shoot a customer was a purely personal act that fell outside the course and scope of his employment.[46] These legal conclusions have no relevance to the pending motion for summary judgment.[47]

The third statement in the "Contested Issues of Fact" is just that—a statement questioning whether Plaintiff can produce any evidence to support a claim for negligent

---

[43] *Smith v. Amedisys, Inc.*, 298 F.3d 434, 440 (5th Cir. 2002).
[44] R. Doc. 36; R. Doc. 36-1.
[45] R. Doc. 36-1.
[46] R. Doc. 30 at pp. 8-11.
[47] *Id.*

hiring, training, and supervision. It includes no references to summary judgment evidence material to the Defendant's negligent actions.[48] It is apparent the answer to the Plaintiff's question is "no"—the Plaintiff cannot produce any evidence to support his claims.

In fact, even though Plaintiff opposed the motion for summary judgment, he failed to provide any competent summary judgment evidence material to his claim for negligent hiring, training, and supervision or to show there are any material facts in dispute with respect thereto. Plaintiff also failed to provide any competent summary judgment evidence or raise any issues of material fact with respect to his additional claims that the Defendant was negligent in failing to exercise reasonable care and in failing to provide adequate security to protect its customers. In the Plaintiff's answers to interrogatories, he even admits that he has no evidence supporting his negligent hiring, training, supervision and other negligence claims but stated that he might produce such evidence after discovery closed.[49] Discovery has long since closed but Plaintiff still has produced no summary judgment evidence in opposition to the motion for summary judgment.[50]

---

[48] R. Doc. 25 at p. 5; R. Doc. 36-1. Plaintiff failed to provide record cites as required by the scheduling order issued in this action. R. Doc. 24 at pp. 4-5.
[49] R. Doc. 31-3.
[50] In a last minute attempt to support his claims, at oral argument on the motion, Plaintiff pointed to a surveillance video attached to the Defendant's first motion for summary judgment, which he claimed demonstrated the store manager's negligence. R. Doc. 8-4. However, Plaintiff's causes of action are only for the negligence of the cashier and the negligence of the store owner, rendering any factual dispute over the store manager's negligence immaterial to Plaintiff's claims. R. Doc. 1-2 at ¶ 14, p. 3. Even if a claim were made based on the manager's negligence, it likely would fail. Louisiana courts have limited the duty of a store employee like the manager to intervene to very specific circumstances, holding that businesses generally owe no duty to protect others from the criminal acts of third persons. *Smith v. Orkin Exterminating Co., Inc.*, So.2d 363, 366 (La.App. 1st Cir. 1989). Moreover, even where a duty to intervene has been recognized, it has been limited and does not require an employee to "risk physical injury or civil or criminal liability by physical intervention." *Rodriguez v. New Orleans Public Serv., Inc.*, 400 So.2d 884, 887 (La. 1981). A business satisfies its duty to intervene by contacting the police and warning others of the potential danger when practicable. *Rodriguez*, 400 So.2d at 887-88.

Plaintiff failed to even controvert the statements of undisputed facts provided by Defendant.[51]

The Court is mindful of the Fifth Circuit's admonition that "the use of summary judgment is rarely appropriate in negligence"[52] cases because ordinarily the trier of fact must determine the reasonableness of conduct and whether the conduct constitutes negligence, even when the facts are undisputed:

> Because of the peculiarly elusive nature of the term 'negligence' and the necessity that the trier of facts pass upon the reasonableness of the conduct in all the circumstances in determining whether it constitutes negligence, it is the rare personal injury case which can be disposed of by summary judgment, even where the historical facts are concededly undisputed.[53]

As a result, a federal court sitting in Louisiana will grant summary judgment in a negligence case only in "rare circumstances."[54] Nevertheless, summary judgment should be granted on negligence claims when it is perfectly clear that there are no issues in the case for the jury to decide.[55] The utter lack of evidence in the record and the complete failure of Plaintiff to meet his burden under the summary judgment standard renders this action one of those rare cases in which the Court finds that summary judgment is appropriate on negligence claims. The Plaintiff has presented no competent summary judgment evidence that the Defendant was negligent or that even creates a genuine dispute of fact as to whether the Defendant was negligent.[56] There are no disputes of fact or disputes as to the conclusions to be drawn therefrom. There is no need for clarification

---

[51] R. Doc. 36; R. Doc. 36-1. While Plaintiff did file an opposition, the total failure to provide any summary judgment evidence or to controvert Defendant's statement of undisputed facts results in this Court treating this motion, for all practical purposes, as unopposed. For purposes of this motion, the Court treats Defendant's statement of undisputed facts as the undisputed facts of this action. R. Doc. 31-2.
[52] *Davidson v. Stanadyne, Inc.*, 718 F.2d 1334, 1338 (5th Cir. 1983).
[53] *Gauk v. Meleski*, 346 F.2d 433, 437 (5th Cir. 1965).
[54] *Davidson*, 718 F.2d at 1339 n.8.
[55] *Pierce v. Ford Motor Co., Mahone,* 190 F.2d 910 (4th Cir. 1951).
[56] The Plaintiff did not make any factual allegations that the Defendant committed negligent acts in his state court petition. Instead, the Plaintiff merely recounted the events of April 11, 2023. R. Doc. 1-2.

of the law. In sum, there are no issues in this case for a jury to decide. No reasonable minds could differ on the outcome of this case; no reasonable trier of fact could find for the Plaintiff. The Defendant is entitled to summary judgment as a matter of law.

Accordingly;

## CONCLUSION

**IT IS ORDERED** that Defendant's Motion for Summary Judgment[57] is **GRANTED**.[58]

**New Orleans, Louisiana, this 24th day of October, 2025.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[57] R. Doc. 31.
[58] R. Doc. 32 is **DENIED AS MOOT**.